IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | HON. JEROME B. SIMANDLE |
| IN THE MATTER OF STERGIOS AND RENEE MESSINA, | CIVIL NO. 07-1677 (JBS) |
| Debtors. | ON APPEAL FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| STERGIOS T. AND RENEE A. MESSINA, | [Case No. 06-14240/GMB] |
| Debtors/Appellants, | |
| v. | **OPINION** |
| STEVEN R. NEUNER, | |
| Trustee/Appellee. | |

APPEARANCES:

David A. Kasen, Esquire
KASEN, KASEN & BRAVERMAN
Society Hill Office Park - Suite #3
1874 E. Marlton Pike
P.O. Box 4130
Cherry Hill, New Jersey 08033
    Attorney for Debtors/Appellants

Steven R. Neuner, Esquire
NEUNER & VENTURA, LLP
Willow Ridge Executive Office Park
750 Route 73 South
Suite 210
Marlton, New Jersey 08053
    Attorney for Trustee/Appellee

**SIMANDLE**, District Judge:

**I.    INTRODUCTION**

    This matter is before the Court upon appeal from a

Bankruptcy Court Order entered on March 6, 2007, which granted

the belated motion by Trustee/Appellee Steven R. Neuner ("Trustee") to value at zero the exemptions that Stergios and Renee Messina ("Debtors") claimed in their residence.  The principal issue in this appeal is whether that decision by the Bankruptcy Court ran afoul of Fed. R. Bankr. P. 4003(b) as interpreted by the Supreme Court in Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), by permitting a late objection to an exemption.  In Taylor, as discussed further herein, the Supreme Court held that a trustee's failure to timely object under Rule 4003(b) was fatal to a later challenge to the validity of a debtor's claimed exemptions.  Because the Court finds that the Taylor precedent compels a different outcome than the Bankruptcy Court reached, the decision of the Bankruptcy Court shall be vacated and Debtors shall be entitled to their claimed exemptions, to which no timely objection was interposed.

## II.  BACKGROUND

On May 15, 2006 Debtors filed a Chapter 7 voluntary bankruptcy petition.  On their Schedule D[1], Debtors listed one secured mortgage creditor, Litton Loans, as holding a $113,657.68 secured interest in their home, which was valued at $230,000.

---

[1]  Debtors listed their exemptions on Amended Schedule C and noted that one spouse had a legal interest and the other had a equitable interest in the residence.  Debtors elected exemptions under 11 U.S.C. § 522(b)(2), which states: "Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize."

2

Debtors listed National Penn Bank as a disputed unsecured nonpriority claim under Schedule F in the amount of $396,171.13. (Ex. A-9.)

"When a debtor files a bankruptcy petition, all of his property becomes property of a bankruptcy estate. See 11 U.S.C. § 541. The Code, however, allows the debtor to prevent the distribution of certain property by claiming it as exempt." Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992). The Second Circuit explained this process as follows:

> When an individual debtor petitions for bankruptcy he is entitled to claim certain property as exempt from the estate. See 11 U.S.C. § 522(b) (allowing debtor to elect to take exemptions provided by state or federal law); id. § 522(l) (requiring debtor to file list of property claimed as exempt); Fed. R. Bankr. P. 4003(a). Any creditor and the bankruptcy trustee may file objections to the debtor's list of property claimed as exempt. See Fed. R. Bankr. P. 4003(b). However, absent special circumstances, these objections must be filed "within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a)." Id. If no objections are made, then "the property claimed as exempt ... is exempt." 11 U.S.C. § 522(l).

In re Bell, 225 F.3d 203, 208-09 (2d Cir. 2000).

Debtors claimed an exemption under 11 U.S.C. § 522(d)(1)[2] in the amount of $36,900.00 and an additional $250.00 exemption

---

[2] 11 U.S.C. § 522(d)(1) permits individuals filing for bankruptcy to exempt their home equity, up to $20,200 in value. Debtors did not change the amount of their exemption under § 522(d)(1) after they made their amendments on August 30, 2006. (Ex. A-9.)

3

under § 522(d)(5)[3], seeking to exclude this money, allegedly equity in their home, from the bankruptcy estate.  Trustee did not timely object to either one of the exemptions and no extension of time was granted by the Bankruptcy Court. (Tr. 5:14-15, Feb. 26, 2007) ("It is undisputed that the trustee did not object to the debtors' claimed interest in the homestead.").  See Fed. R. Bankr. P. 4003(b) (requiring objection within 30 days).

The initial Meeting of Creditors was held on June 13, 2006. (See Docket Report of In re Messina, Ch. 7 Case No. 06-14240 (GMB) (Bankr. D.N.J. filed May 15, 2006).)  Debtors informed the Trustee of specific defects in the National Penn Bank mortgage through correspondence on June 14, 2006 and June 21, 2006. (Debtors' Ex. A-4 at 3-4).  Thereafter, Trustee initiated an adversary proceeding so that the estate could avoid the National Penn Bank mortgage lien, alleging that the mortgage was not properly acknowledged or recorded.  Neuner vs. National Penn Bank et al. (In re Messina), Ch. 7 Case No. 06-14240, Adv. No. 06-2013 (Bankr. D.N.J. filed July 5, 2006);(Trustee's Ex. A-10-1 at 5.) On August 21, 2006, Trustee submitted a motion for court approval of the sale of the residence.  That sale was approved with liens, claims and interest to attach to all sale proceeds.  Debtors did not object to the sale or the Order approving sale.  On September

---

[3]  11 U.S.C. § 522(d)(5) permits an additional exemption for home equity of "$1,075 plus up to $10,125 of any unused amount of the exemption" provided under (d)(1).  Debtors claimed this exemption only on their amended Schedule C.  (Id.)

13, 2006 the sale produced net proceeds in the amount of $200,209.64.

On October 18, 2006, Trustee filed a Notice of proposed settlement reflected in the November 8, 2006 Consent Order, in which National Penn Bank consented to avoidance of its mortgage lien on the residence pursuant to 11 U.S.C. § 544(a)[4] and N.J. Stat. Ann. 46:17-3.1[5], with the amount of the lien to be assigned and transferred to Trustee and preserved against Debtors pursuant to 11 U.S.C. § 551.  (Trustee's Ex. A-3-1 at 4.)  According to Trustee and the banks, the mortgage's defects in acknowledgment and recording made it defective as to subsequent purchases and creditors, but not as to Debtors, who were the original parties to the mortgage agreement.  Debtors did not object to the November 8, 2006 Consent Order.  As a result, the sale of the residence was free and clear of all liens.  The remaining proceeds from the sale were placed into the bankruptcy estate.

Debtors pursued the difference between the net proceeds of the sale and sums paid out by Trustee.  In response, Trustee filed a motion seeking an Order to value the Debtors' exemption in the residence at zero and to deny Debtors any exemptions to

---

[4]   11 U.S.C. § 544(a) grants the trustee as of the commencement of the case the rights and powers to avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable, without regard to any knowledge of the trustee or the creditor.

[5]   N.J. Stat. Ann. 46:17-3.1 deals with operation of unregistered mortgages.

5

the proceeds from the sale of the home.  Debtors subsequently cross-moved seeking an Order requiring Trustee to pay the claimed exemption of $36,900.00 pursuant to 11 U.S.C. § 522(d)(1) and $250.00 pursuant to § 522(d)(5).  Debtors argued that Trustee's valuation motion was out of time and that, in any event, they were entitled to the exemption on the merits because the mortgage was void at the time of filing.

There is no dispute that the Trustee's motion was an objection to the exemptions beyond the thirty days normally permitted by Fed. R. Bankr. P. 4003.  On July 5, 2006, as noted above, Trustee commenced adversary proceeding against the improperly acknowledged mortgage lien holder to avoid the lien. (Br. in support of Trustee's Mot. for Summ. J. in Ex. A-10-1 at 2.)  Debtors filed their amended Schedule C on August 30, 2006. (Ex. A-9.)  Under Rule 4003(b), "a party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors . . . is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."  Because the date of the amended Schedule C came later than the first creditors' meeting, the Trustee had thirty days from the amendment date, August 30, 2006, to file an objection to any claimed exemptions.  The Trustee's deadline for objection under Rule 4003(b) expired on September 29, 2006, without action being taken.  By that time, the sale of the residence was complete and had produced net

6

proceeds of over $200,000, as noted above.  On November 16, 2006, forty-seven days after the deadline for objection, Trustee filed his motion to value Debtors' residence at zero or in the alternative to declare that it does not extend to sale proceeds. (Ex. A-3-1).

Debtors argued that at the time of filing the petition, the mortgage was automatically void under N.J. Stat. Ann. § 46:17-3.1, which provides:

> Every mortgage or conveyance in the nature of a mortgage of and for any lands, shall be void and of no effect against a subsequent judgment creditor, or bona fide purchaser, or mortgagee for a valuable consideration, not having notice thereof, unless such mortgage shall be acknowledged or proved according to law, and be recorded, either by registry as hereinbefore provided or by recording in full, or lodged for that purpose with the county recording officer of the county in which such lands are situated, at or before the time of entering such judgment or of recording or lodging with said county recording officer, the said mortgage or conveyance to such subsequent purchaser or mortgagee, provided nevertheless, that such mortgage as between the parties and their heirs shall be valid and operative.

According to Debtors, as of the commencement of the bankruptcy case, Trustee became a bona fide purchaser, and as a result, the mortgage was void as to the Trustee.  Therefore, once the lien was avoided there was equity in the residence to be exempted. Trustee did not dispute that he had the powers to become a bona fide purchaser and avoid the lien, but argued that Debtors had no

7

equity to the residence at the time of filing, did not acquire a new interest in the sale proceeds as a result of his avoidance action on the unperfected mortgage lien, and therefore could not validly claim an exemption.

In the February 26, 2007 oral decision, the Bankruptcy Court granted Trustee's motion to value Debtors' claimed exemptions as to the residence at zero.  The Bankruptcy Judge ruled that although the Trustee failed to timely object to the Debtors' claimed exemptions to the residence, Trustee was not barred under Fed. R. Bankr. P. 4003(b) from contesting the matter because "the Bankruptcy Rules provide that the schedules must accurately describe the debtor's claimed exemption in order for the parties to be put on notice." (Hr'g Tr. at 6, Feb. 26, 2007.)  The Bankruptcy Court held that because the provision of the Code Debtors identified pertained to equity in the residence and not to the proceeds of the sale of the recovered property, the exemption did not put Trustee on sufficient notice.  (Id. at 7.)  The Bankruptcy Court held that Debtors should have claimed an exemption under 11 U.S.C. § 522(g)[6] in order to seek recovery

---

[6]  11 U.S.C. § 522(g) states:

> Notwithstanding §§ 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under §§ 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if (1)(A)

8

from the proceeds of the sale after the Trustee's successful avoidance action.  (Id. at 9.)  However, the Bankruptcy Court held, even if Debtors had claimed exemptions under § 522(g), these exemptions would have been denied on the merits because that provision requires an involuntary transfer of property, which is not what happened in this case.  (Id. at 10.)  In other words, the Bankruptcy Court held that because there was no basis for the exemption claimed there was not proper notice and if an exemption that arguably could have applied was claimed, there would have been notice but the exemption would have been valued at zero and denied on the merits because it did not apply.  On March 3, 2007, the Bankruptcy Court issued an Order granting the motion to value Debtors' claimed exemptions as to the residence at zero, reflecting the February 26, 2007 decision.  (Ex. A-2.)

On appeal, Debtors argue the Bankruptcy Court erred in permitting Trustee's late objection, valuing the residence exemption at zero, and denying Debtors from claiming exemptions from the proceeds of the sale of the residence.  On April 10, 2007, Debtors filed a timely Notice of Appeal with this Court.

---

such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property; or (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

9

## III. DISCUSSION

### A. STANDARD OF REVIEW

This Court has jurisdiction to review the Order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  District Courts must review Bankruptcy Courts' findings of fact for clear error, their conclusions of law de novo, and their exercises of discretion for abuse of discretion.  See In re Top Grade Sausage, Inc., 227 F.3d 123, 125 (3d Cir. 2000) (citing In re Engel, 124 F.3d 567, 571 (3d Cir. 1997)); see also In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999) (citing Interface Group-Nevada, Inc. v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.), 145 F.3d 124, 130 (3d Cir. 1998)); Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992).  In reviewing factual findings, the district court must "give due regard to the opportunity of [the bankruptcy] court to judge, first-hand, the credibility of the witnesses."  In re Rosen, 208 B.R. 345, 348 (D.N.J. 1997) (quoting Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc., 57 F.3d 1215, 1223 (3d Cir. 1995)).  For mixed questions of law and fact, the district court "must accept the [the bankruptcy] court's findings of historical or narrative facts unless they are clearly erroneous, but must exercise a plenary review of the court's choice and interpretation of legal precepts and its application of those precepts to the historical facts."  In re Sharon Steel

<u>Corp.</u>, 871 F.2d 1217, 1223 (3d Cir. 1989) (quoting <u>Universal</u>
<u>Minerals, Inc. v. C.A. Hughes & Co.</u>, 669 F.2d 98, 102-03 (3d Cir.
1981)).

In this case, the Bankruptcy Court determined that <u>Taylor</u>
does not apply to bar late objections to claimed exemptions when
the debtors have not cited a statutory exemption that could apply
to their situation.  The Court reviews this interpretation  - and
limitation - of <u>Taylor</u> <u>de</u> <u>novo</u>.  To the extent the Bankruptcy
Court's decision found that Trustee was not actually on notice of
the exemption sought and that this fact mitigated Trustee's
obligation to file an objection, the Court reviews that as a
mixed question of law and fact.

        <u>B.</u>    <u>ANALYSIS</u>

            1.    <u>Whether Trustees May Belatedly Object to
                  Exemptions Merely Because Debtors Were Not
                  Actually Entitled to the Exemption Claimed</u>

The central holding of <u>Taylor</u> is that a trustee's failure to
object to a claimed exemption results in an exemption by default;
a trustee cannot later object to a claimed exemption, even when
there is no "colorable statutory basis" for the exemption.
<u>Taylor</u>, 503 U.S. at 643-44.

Fed. R. Bankr. P. 4003 provides in relevant part:

        (a) Claim of exemptions

        A debtor shall list the property claimed as
        exempt under 11 U.S.C. § 522 of the Code on
        the schedule of assets required to be filed by
        Rule 1007.   If the debtor fails to claim

11

exemptions or file the schedule within the
time specified in Rule 1007, a dependent of
the debtor may file the list within 30 days
thereafter.

(b) Objecting to a claim of exemptions

A party in interest may file an objection to
the list of property claimed as exempt only
within 30 days after the meeting of creditors
held under 11 U.S.C. § 341(a) is concluded or
within 30 days after any amendment to the list
or supplemental schedules is filed, whichever
is later.   The court may, for cause, extend
the time for filing objections if, before the
time to object expires, a party in interest
files a request for an extension.   Copies of
the objections shall be delivered or mailed to
the trustee, the person filing the list, and
the attorney for that person.

In <u>Taylor</u> itself, the debtor claimed as exempt an amount

"unknown" and described it as the proceeds from a pending

employment discrimination lawsuit.   After the lawsuit was

resolved, the trustee untimely sought to limit the exemption to

the amount permitted under the statute.   In <u>Taylor</u>

[Debtor] did not have a right to exempt more
than a small portion of these proceeds either
under state law or under the federal
exemptions specified in § 522(d), [but she] in
fact claimed the full amount as exempt [and]
Taylor, as a result, apparently could have
made a valid objection under § 522(l) and Rule
4003 if he had acted promptly. [The Court
held], however, that [Taylor's] failure to do
so prevent[ed] him from challenging the
validity of the exemption [later].

<u>Taylor</u>, 503 U.S. at 642.   As a result, the debtor was entitled to

her exemption under 11 U.S.C. § 522(l), which states that "unless

a party in interest objects, the property claimed as exempt on the debtor's list of property to exempt under § 522(b) is exempt . . . ."  This was so even though Debtor was not legally entitled to the exemption in the amount claimed.

In this case, although the Bankruptcy Court indicated that where no colorable claim exists a trustee's failure to object is fatal under <u>Taylor</u>, the Bankruptcy Court nevertheless determined that <u>Taylor</u> did not apply to the facts of this case because Debtors invoked the wrong Bankruptcy Code provision to describe the exemption.  (Hr'g Tr. at 7, Feb. 26, 2007.)   The Bankruptcy Court found that if the Debtors had sought an exemption from the proceeds of the sale of the residence after the Trustee's avoidance action under § 522(g) and not just a homestead exemption under § 522(d), then <u>Taylor</u> would apply  (<u>Id.</u> at 8-9.) That is, unlike in <u>Taylor</u> - where the debtor claimed a valid exemption but in an excessive amount - in this case, the Bankruptcy Court found that Debtors claimed an exemption to which they were not entitled, in any amount.  This Court, therefore, must determine whether <u>Taylor</u>'s exemption by default is limited to those situations in which the debtor is entitled to the exemption claimed, but only in a lesser amount.

The Court finds, upon a close reading of <u>Taylor</u>, the federal statute governing exemptions, and subsequent case law interpreting <u>Taylor</u>, that the <u>Taylor</u> rule applies even when the

debtor seeks an exemption to which the debtor is not entitled in any amount.

In Taylor, the Supreme Court emphasized that when property is claimed as exempt and there is no timely objection, the property is exempt.  It broadly framed the issue before it as "whether the trustee may contest the validity of an exemption after the 30-day period if the debtor had no colorable basis for claiming the exemption," 503 U.S. at 639, and said that the trustee may not.  Thus the "no colorable basis" aspect of the ruling is central to the holding of the case and is binding on this Court.  A trustee "cannot contest the exemption [belatedly] whether or not [the debtor] had a colorable statutory basis for claiming it." Taylor, 503 U.S. at 643-44.  The Taylor Court adopted this formalist interpretation of Fed. R. Bankr. P. 4003 and 11 U.S.C. 522 with full awareness of the results it would cause because the Court found that to be the plain meaning of the Bankruptcy Code and because of a policy interest in finality. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Id. at 644.  Because in this case the motion to value the claimed exemptions at zero was a late objection, the Trustee was barred from raising it and the Bankruptcy Court should not have granted it, regardless that there may not have been a valid statutory basis for the exemption.  See In re Harrell, 212 B.R. 174, 176 (Bankr. S.D. Ga. 1997) (trustee was barred from challenging exemption to

14

settlement proceeds which may have been precluded under 11 U.S.C. § 522(g) had the trustee timely objected).

Indeed, the language of the statute regarding objections to exemptions supports this Court's finding that there is no exception to the Taylor rule when the debtor claims an exemption under an inapplicable exemption provision.  Under 11 U.S.C.A. § 522(l): "Unless a party in interest objects, the property claimed as exempt on [an exemption] list is exempt."  There is no question that the Debtors here listed the property at issue - their home - and that there was no timely objection to the claimed exemption in its equity.

Nor does subsequent case law erode the force of Taylor even when debtors claim an exemption to which they are not at all entitled.  The Court is aware of no case that limited the decision in Taylor to those situations in which the basis for the claim is valid but the amount is not.

The Bankruptcy Court relied on a Tenth Circuit decision, Duncan, which held that when a trustee institutes an adversarial proceeding to recover property the debtor fraudulently conveyed, Taylor's thirty-day deadline does not bar the action because adversarial proceedings have a more specific two-year deadline under 11 U.S.C. § 546(a)(1)(A).  In re Duncan, 329 F.3d 1195 (10th Cir. 2003).  This Court does not find Duncan persuasive of the matter before it.  In Duncan, the Tenth Circuit specifically found that the adversarial proceeding at issue was not an attempt

15

to interpose a late objection to a homestead exemption.  Id. at 1203 ("The trustee is not contesting the debtor's right to claim the section 522(b)(2)(B) exemption.").  On the contrary, in this case, the motion at issue is not the adversarial avoidance action, which was and shall remain permitted, but a subsequent motion to value the exemption at zero.  This Court specifically finds that the valuation motion - because it seeks to set the value at zero -  is the same as a late objection to the exemption itself and all parties have treated it as such.  The motion was subject to the thirty-day deadline:

> Given Taylor, a distinction can no longer be drawn between objecting to an exemption itself and objecting to the value of property subject to an exemption.  All objections to exemptions are subject to Rule 4003(b).  Taylor made it clear that the purpose for the short objection period in Rule 4003(b) is to encourage finality.  Allowing a trustee to distinguish between an objection to an exemption itself and the value of the property subject to that exemption does not promote finality.

In re Morgan-Busby, 272 B.R. 257, 265 (9th Cir. BAP 2002) (citation omitted).  Thus, the late motion is barred under Taylor.

     Finally, Duncan involved a fraudulent transfer of property, and the court there found "the policy arguments [were] particularly strong," in favor of permitting the adversarial proceeding because, it said, an "unencumbered fresh start" should only be available to "the honest debtor."  Id. at 1202.  There is no allegation of any fraud or dishonesty on behalf of the Debtors

in this case and, therefore, the same policy concerns do not merit extending <u>Duncan</u> to this case and thereby limiting <u>Taylor</u>. <u>Cf.</u> <u>Liberty State Bank and Trust v. Grosslight (In re Grosslight)</u>, 757 F.2d 773, 777 (6th Cir. 1985) (timely filing of adversary proceeding treated as an objection to claim of exemptions); <u>In re Stanley</u>, 143 B.R. 900, 903 (Bankr. W.D. Mo. 1992) (timely filing of motion for relief from stay claiming that debtor had no equity in property to preclude her from claiming homestead exemption put debtor on notice of objection to exemption so that failure to file formal objection to the claim was not fatal).

      2.  <u>Whether a Lack of Notice Alleviated or Tolled the Trustee's Obligation to Timely Object</u>

The Bankruptcy Court found that Debtors should have specifically claimed that they were exempting from the proceeds of the sale after the Trustee's avoidance of the mortgage lien on the property to put the Trustee on notice of the exemption ultimately sought. (Hr'g Tr. at 7, Feb. 26, 2007.) The Court reviews this determination as a mixed question of law and fact.

There is significant authority that without notice of the exemption claimed, a Trustee cannot be expected to object within thirty days and the <u>Taylor</u> rule does not apply.

> "[W]here a debtor's schedules are too ambiguous to ascertain exactly what property is claimed as exempt, the strict time constraints of Taylor are not applicable until the schedules have been clarified or the trustee is otherwise put on notice of the

> precise nature of the debtor's claim of
> exemption."

Schwartz, 185 B.R. at 484 (quoting In re Zimmer, 154 B.R. 705, 709 (Bankr. S.D. Ohio 1993)).  This Court does not dispute that understanding of Taylor's limitations.  However, that exception does not apply here for two reasons.

First, as discussed above, as a legal matter the Court finds, on de novo review, that it was not necessary for Debtors to cite any particular subsection of the exemption statute in order to put the Trustee on sufficient notice that Debtors were seeking to exempt a portion of the value of their residence from the bankrupt estate under the circumstances presented here. Whether that money was actually present at the time of the petition or not, without a timely objection - or any other action - Debtors are entitled to the amount of the exemption, under Taylor.  A proper citation to a provision that actually gave them that right was not necessary to notify the Trustee of the exemption sought, in this case because Debtors identified the residence, the encumbrances on it, and informed the Trustee that one was disputed.  It is clear from looking at the record that the Trustee had notice Debtors were seeking to exempt whatever money was left in the home after the secured debts were paid and the disputed debts were avoided.

This leads to the second reason the exception for lack of notice does not apply here.  As a factual matter, the record does

not support the determination by the Bankruptcy Court that the Trustee was not actually on notice of the claimed exemptions.  In this case, the schedules were not ambiguous: they named the home, together with its address, the liens on it, and the fact that it was Debtors' residence.  The Debtors listed the mortgages on the home and that the National Penn Mortgage was disputed.  There can be no argument here that Trustee could not "ascertain exactly what property was claimed as exempt."  Id.   Indeed, the Bankruptcy Judge recognized that the notice to the Trustee was not ambiguous.  At oral argument, the Bankruptcy Court indicated that the claimed exemptions were sufficient to provide notice to Trustee that Debtors were seeking to exempt equity from the home and that if he was confused by that or the legal basis for it, the proper thing to do would have been to interpose a timely objection.  (Jan. 16, 2007 Oral Hr'g Tr. at 15:21-22, 18:24-25, 19:15-18.)  Taylor suggested a similar process.[7]

The Bankruptcy Court's finding that Debtors did not provide sufficient notice because they cited a subsection of 522 that did not actually apply was clearly erroneous and led to an

---

[7]  When trustees needs more time or more information to determine whether to object to claimed exemptions, they can request hearings or extensions of time to determine whether claimed exemptions are valid.  Taylor, 503 U.S. at 644 ("If Taylor did not know the value of the potential proceeds of the lawsuit, he could have sought a hearing on the issue, see Rule 4003(c), or he could have asked the Bankruptcy Court for an extension of time to object, see Rule 4003(b). Having done neither, Taylor cannot now seek to deprive Davis and respondents of the exemption.")

impermissible decision on the merits of the exemption, which Taylor specifically prohibited.  Taylor would have no meaning if a late objector could claim there was a lack of proper notice merely because the exemption itself was not actually valid.[8] Rather, to determine whether there was notice, courts must look at the facts of the case and determine whether the debtor sufficiently identified the property in which the debtor claimed an exemption.  Schwartz, 185 B.R. at 484.  Here the Trustee was put on notice that Debtors were claiming exemptions in their home.

Trustees cannot belatedly object and seek to raise the issue again after the allotted thirty days has expired.  Under Taylor, the Trustee's failure to timely object to the claimed exemption of which he had actual notice was fatal, despite the Debtors' citation to a provision of the code that might not actually apply to the property at issue.  Although Debtors might not have been entitled to the exemptions had there been a timely objection, an issue the Court need not decide,[9] Debtors provided sufficient notice of the exemptions claimed.  Cf. Schwartz, 185 B.R. at 483 (trustee's objection timely because original

---

[8]  This Court does not address a situation in which the Debtor has engaged in fraud or dishonesty relating to the claimed exemption, as no such circumstance is presented here.

[9]  Although, as in Taylor, it may seem unfair for courts to uphold exemptions to which debtors might not be entitled on the merits, there are simple ways for Trustees to avoid this default: timely object or seek extensions of time to do so.

exemptions were ambiguous and trustee objected within thirty days of amendment).  The record indicates that Trustee had not timely objected to Debtors' claimed exemptions of which the Trustee had notice.  (Jan. 16, 2007 Oral Hr'g Tr. at 15:21-22, 18:24-25.)  To the extent the Bankruptcy Court's decision turns on a factual determination that the amended Schedule C was not sufficient notice of the exemption, that was clear error under the Taylor standard.

In fact, the exemption claimed here is clearer than the exemption claimed in Taylor itself.  In that case, "On a schedule filed with the Bankruptcy Court, [the debtor] claimed as exempt property the money that she expected to win in her discrimination suit . . . .  She described this property as 'Proceeds from lawsuit-[Davis] v. TWA' and 'Claim for lost wages' and listed its value as 'unknown.'"  Apparently there was no case number, court or other information about the litigation, and no amount claimed. Id. at 640.  In this case, in contrast, Debtors described the exempt property much more clearly; they referred to a section of the Code they believed applied, gave the address of the property, listed it as a residence, noted that one spouse had a legal interest in the property and the other an equitable interest, claimed a specific dollar amount they sought to exempt, and the current value of the property excluding the exemption.  Debtors also notified the Trustee of the mortgage liens on their home and that one was disputed. (Scheds. D, F.)  That information was more

than sufficient to put the Trustee on notice that Debtors were seeking an exemption for the equity in their home.  If the Trustee thought there was no equity to which Debtors were entitled, or could not determine whether there was any, the Trustee could have objected or sought an extension of time to sort things out.  Pursuant to Taylor, Debtors are therefore entitled to the claimed exemption, despite the possible lack of legal basis for it, and regardless of whether Debtors described the exemptions using the correct Bankruptcy Code provision.

## IV.   CONCLUSION

This Court is bound to follow the rulings of the United States Supreme Court and Taylor mandates exemptions by default, even when, as in Taylor, the property interest is one that will actually come into being at a future date, upon further action. As the Eleventh Circuit explained, courts may not quibble with Taylor, despite the important countervailing policies, especially in cases where property may come into existence at a later date.

> The Trustee contends that the approach recognized here will force interested parties to make numerous, sometimes needless, objections in order to establish the value of contingent assets. If that is so, responsibility for that result rests with Congress and the Supreme Court. In Taylor, the Court made clear that the Bankruptcy Code places the burden on the trustee to object, in a timely manner, to any improper exemption claims. The trustee may not wait until the value of a contingent claim is established before deciding whether to object; instead, he

> must object within the period allowed by
> Bankruptcy Rule 4003.

In re Green, 31 F.3d 1098, 1101 (11th Cir. 1994).  In this case, the Debtors sought an exemption for the equity in their home in a specific amount.  While the home may have been fully encumbered in debt prior to the petition, the Trustee was able to avoid one mortgage as to the home, sell the home and produce excess proceeds.  By virtue of the claimed exemption, that money was the equity to which Debtors are now entitled.  While that equity may not have existed prior to the avoidance action, it did not need to.  Equity is defined as "[t]he amount by which the value of or an interest in property exceeds secured claims or liens; the difference between the value of the property and all encumbrances upon it."  Black's Law Dict.  After the avoidance, there is no question that the value of the home exceed the secured claims and liens on it and that its sale produced approximately $200,000 after those encumbrances were paid.  Although the avoided lien is still valid as to Debtors pursuant to N.J. Stat. Ann. § 46:17-3.1, it was not an encumbrance on the home when it was sold, thus providing equity that was available after the sale and which the Debtors exempted from the estate.  See In re Engstrom, 370 B.R. 205, 210 n.4 (Bankr. D. Minn. 2007) (failure to object to amount of equity available for homestead exemption precludes later litigation of that amount).  As another court has explained, the

exemption does not preclude the estate's enforcement of the lien against Debtors.

> The debtor's claimed exemption of the full value of his residence has no preclusive effect upon the ability of the estate to enforce the avoided lien. In re Arzt, 252 B.R. at 142 (debtor may only exempt equity in excess of two mortgages avoided by the trustee and preserved for the benefit of the estate).

In re Bethea, 275 B.R. 127, 134 (Bankr. D.D.C. 2002).

Therefore, the Bankruptcy Court Order of March 6, 2007 granting Trustee's motion to value Debtors' exemption of former residence at zero value and denying Debtors' cross motion requiring trustee to pay claimed exemption will be reversed. Because Trustee failed to timely object within the thirty-day period provided by Rule 4003(b), Trustee's motion was barred and the claimed exemptions reach the proceeds of the sale of the residence.  The accompanying Order will be entered remanding the case to the Bankruptcy Court for further proceedings.


**December 17, 2007**                       **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            U.S. District Judge