IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | HON. JEROME B. SIMANDLE |
| IN THE MATTER OF STERGIOS AND RENEE MESSINA, | CIVIL NO. 07-1677 (JBS) |
| Debtors. | ON APPEAL FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| STERGIOS T. AND RENEE A. MESSINA, | [Case No. 06-14240/GMB] |
| Debtors/Appellants, | |
| v. | **OPINION** |
| STEVEN R. NEUNER, | |
| Trustee/Appellee. | |

APPEARANCES:

David A. Kasen, Esquire
KASEN, KASEN & BRAVERMAN
Society Hill Office Park - Suite #3
1874 E. Marlton Pike
P.O. Box 4130
Cherry Hill, New Jersey 08033
    Attorney for Debtors/Appellants

Steven R. Neuner, Esquire
NEUNER & VENTURA, LLP
Willow Ridge Executive Office Park
750 Route 73 South
Suite 210
Marlton, New Jersey 08053
    Attorney for Trustee/Appellee

**SIMANDLE**, District Judge:

I.    **INTRODUCTION**

    This matter is before the Court on the Debtors' appeal from

the Bankruptcy Court's March 3, 2007 Order granting the motion of

Steven Neuner ("Trustee"), to value at zero the claimed exemptions in the residence of the Debtors, Stergios and Renee Messina ("Debtors").  Following a lengthy procedural history, the appeal has returned to this Court after the Third Circuit Court of Appeals vacated this Court's Order of December 17, 2007, to reconsider in light of the recent Supreme Court decision of Schwab v. Reilly, __ U.S. __, 130 S. Ct. 2652 (June 17, 2010). In this Court's 2007 Opinion, In re Messina, 2007 WL 4440873 (Dec. 17, 2007) [Docket Item 8], the Court decided the issue in favor of the Debtors, reversing the Bankruptcy Court, and holding that the Trustee's late objection to Debtors' claimed exemptions was barred under Taylor v. Freeland v. Kronz, 503 U.S. 638 (1992).  On remand, the Court must determine whether, in light of the additional guidance provided by Schwab, the Trustee had a duty to object to the Debtors' claimed exemptions within the 30-day limit imposed by Fed. R. Bankr. P. 4003(b).  For the reasons stated below, the Court finds that the Trustee had no duty to object within 30 days under Schwab and consequently affirms the Bankruptcy Court's Order.

## II.  BACKGROUND AND PROCEDURAL HISTORY

This case began in the U.S. Bankruptcy Court for the District of New Jersey on May 15, 2006 when Debtors filed a Chapter 7 voluntary bankruptcy petition.  In support of their

petition, the Debtors filed schedules listing, <u>inter</u> <u>alia</u>, the value of their residence at $230,000, two claims on the residence in an amount exceeding $500,000, and claimed exemptions in the residence under, primarily, the homestead exemption.

Relevant to resolving the instant appeal, the Debtors filed an amended Schedule C in which they claim two exemptions in their residence.  In the "Description of Property" column of Schedule C, the first asset in which Debtors claimed an exempt interest is their residence, described as "251 Waymouth Rd., Mullica Township, NJ."  (Debtors' 2007 Br. Ex. A-9 at 5, Docket Item 3-13.)  In the column labeled "Specify Law Providing Each Exemption," Debtors cited 11 U.S.C. § 522(d)(1) and 11 U.S.C. § 522(d)(5).[1]  (<u>Id.</u>)  In the column labeled "Value of Claimed Exemption," Debtors listed $36,900 for the § 522(d)(1) exemption and $250 for the § 522(d)(5) exemption, the maximum allowed under the statutory provisions cited.  In the column titled "current value of property without deducting exemption," the debtors listed the full estimated value of the residence of $230,000.

---

[1] 11 U.S.C. § 522(d)(1) permits individuals filing for bankruptcy to exempt a portion of their home equity.  At the time Debtors filed, each debtor could exempt up to $18,450 of equity owned by the debtor.  Debtors did not change the amount of their exemption under § 522(d)(1) after they made their amendments on August 30, 2006.  11 U.S.C. § 522(d)(5) permits an additional exemption for home equity of "$1,075 plus up to $10,125 of any unused amount of the exemption" provided under (d)(1).  Debtors claimed this exemption for the first time on their August 30, 2006 amended Schedule C.

(Id.)

On two other schedules, the Debtors identified two different claims against the residence.  On Schedule D, the Debtors listed a secured claim of $113,657.86 on the residence held by Litton Loans.  (Id. at 3.)  On Schedule F, the Debtors listed, as an "unsecured nonpriority claim," a claim of $396,171.13 held by National Penn Bank.  (Id. at 4.)  Neither of these encumbrances on the residence were referenced or listed on Schedule C.

Trustee did not object to Debtors' exemptions within the 30-day limit of Rule 4003(b), and no extension of time was granted by the Bankruptcy Court. (Bankruptcy Tr. 5:14-15, Feb. 26, 2007) ("It is undisputed that the trustee did not object to the debtors' claimed interest in the homestead.").  See Fed. R. Bankr. P. 4003(b) (requiring objection to exemption by interested party within 30 days of initial creditors' meeting or filing of amended Schedule C).

Months before the expiration of the Rule 4003(b) deadline, Debtors notified the Trustee of the National Penn Bank mortgage on the residence and informed him of certain defects of that mortgage, through correspondence on June 14, 2006 and June 21, 2006. (Debtors' Br. Ex. A-4 at 12-14.)  Specifically, Debtors indicated that the National Penn Bank mortgage had not been properly acknowledged by the Debtors before a notary when it was executed.  (Id. at 13.)  Thereafter, Trustee initiated an

4

adversary proceeding so that the estate could avoid the National Penn Bank mortgage lien.  <u>Neuner vs. National Penn Bank et al.</u> <u>(In re Messina)</u>, Ch. 7 Case No. 06-14240, Adv. No. 06-2013 (Bankr. D.N.J. filed July 5, 2006).  On August 21, 2006, Trustee submitted a motion for court approval of the sale of the residence.  On August 30, 2006, Debtors submitted their amended Schedule C listing the additional exemption in the residence under § 522(d)(5).  The sale of the residence was approved with liens, claims and interest to attach to all sale proceeds on September 11, 2006.  Debtors did not object to the sale or the Order approving sale.  On September 13, 2006 the sale produced net proceeds for the estate in the amount of $200,209.64. (Trustee's 2007 Br. at 10, Docket Item 4.)

On October 18, 2006, Trustee filed a Notice of proposed settlement, later reflected in a November 8, 2006 Consent Order, in which National Penn Bank consented to avoidance of its mortgage lien on the residence pursuant to 11 U.S.C. § 544(a)[2] and N.J. Stat. Ann. 46:17-3.1[3], with the amount of the lien to be assigned and transferred to Trustee and preserved against Debtors

---

[2]   11 U.S.C. § 544(a) grants the trustee as of the commencement of the case the rights and powers to avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable, without regard to any knowledge of the trustee or the creditor.

[3]   N.J. Stat. Ann. 46:17-3.1 deals with operation of unregistered mortgages.

pursuant to 11 U.S.C. § 551.  (Debtors' Br. Ex. A-3-1 at 6.)
According to Trustee and the banks, the mortgage's defects in
acknowledgment and recording made it defective as to subsequent
purchasers and creditors, but not as to Debtors, who were the
original parties to the mortgage agreement.  Debtors did not
object to the November 8, 2006 Consent Order.  As a result, the
sale of the residence was free and clear of all liens.  The
remaining proceeds from the sale were placed into the bankruptcy
estate.

        After the sale was complete and approved by the Bankruptcy
Court, on November 17, 2006, Trustee filed a motion seeking an
order to value the Debtors' exemption in the residence at zero
and to deny Debtors any exemptions to the proceeds from the sale
of the home.  Debtors subsequently cross-moved seeking an order
requiring Trustee to pay the claimed exemption of $36,900.00
pursuant to 11 U.S.C. § 522(d)(1) and $250.00 pursuant to §
522(d)(5).  Debtors argued that Trustee's valuation motion was
out of time and therefore barred by Fed. R. Bankr. P. 4003 and
the rule of Taylor v. Freeland & Kronz, 503 U.S. 638 (1992) and
that, in any event, they were entitled to the exemption on the
merits because the mortgage was void at the time Debtors filed
their Chapter 7 petition rather than simply voidable by the
Trustee.

        The Bankruptcy Court, in an oral decision on February 26,

2007, granted Trustee's motion to value at zero the Debtor's exemptions and denied Debtors' cross motion to compel payment of their claimed exemptions.  The Bankruptcy Court held that Debtors' claimed exemptions under §§ 522(d)(1) and (5) were improper, because those sections of the Code only authorize the exemption of home equity owned by the Debtors at the time of filing the petition.  (Bankruptcy Tr. 5:20-23, Feb. 26, 2007.) Thus, the Bankruptcy Court found, because the amount owed on the two mortgages exceeded the value of the residence, the Debtors had no equity to claim as exempt.  (Id. at 5:17-20.)  The Bankruptcy Court rejected the Debtors' claim that the National Penn mortgage was void rather than voidable, finding under New Jersey law that the mortgage was only void against future creditors such as the Trustee, but still valid as against the Debtors.  (Id. at 6:7-12.)

Regarding Debtors' timeliness argument, the Bankruptcy Court held that the Trustee's late objection was proper because the Debtors' Schedule C failed to give the Trustee sufficient notice of their effort to seek exemptions in the proceeds of the sale of the residence.  (Id. at 7:8-13.)  To claim as exempt the proceeds of the Trustee's sale of the residence, the Bankruptcy Court found, the Debtors would have had to claim their exemption under § 522(g), which provides authority for debtors to claim exemptions in the proceeds of a sale following a trustee's

7

avoidance action in limited circumstances.  (Id. at 7:13-17.)
The Bankruptcy Court rejected the Debtors' argument that the
Trustee's late objection to their exemptions should be barred
under Taylor, because by claiming their exemptions under § 522(d)
rather than  § 522(g), the Debtors had not given the Trustee
sufficient notice of their intent to claim an exemption in the
proceeds of the sale of the residence.  (Id. at 8:15-21.)  The
Bankruptcy Court, consequently, entered an order on March 3,
2007, granting Trustee's motion to value debtor's exemptions at
zero.

     This Court originally considered this appeal by the Debtors
in 2007 and issued an Opinion and Order reversing the Bankruptcy
Court's decision on December 17, 2007 [Docket Items 8 & 9].  The
Court interpreted the Taylor rule to prohibit the Trustee's late
objection even in a case where the Debtors claim an exemption to
which they are not entitled in any amount.  The Court determined
that the Debtors' schedules taken as a whole -- accurately
listing the residence, the two mortgages and the amount claimed
as exempt -- gave the Trustee adequate notice of the Debtors'
intent to claim their exemption from the value of the residence
after the National Penn Bank mortgage was voided by the Trustee.
The Court therefore determined that Taylor demands that Trustee's
duty to object to the Debtors claiming an exemption in the equity
of the residence must be barred after the expiration of the 30

days specified in Rule 4003(b).  Consequently, the Court reversed
the Order of the Bankruptcy Court in favor of the Debtors.

The Trustee appealed that Order to the Third Circuit Court
of Appeals, which heard the case in oral argument on March 3,
2009 [Court of Appeals Docket No. 08-1134].  Subsequent to oral
argument, the Supreme Court granted certiorari in a different
Third Circuit case titled In re Reilly, 534 F.3d 173 (3d Cir.
2008), a case in which the Third Circuit had prevented a
trustee's late objection to an improper exemption under Taylor.
The Third Circuit reserved decision on the instant case until the
Supreme Court decided Reilly, which it did on June 17, 2010, in
Schwab v. Reilly, __ U.S. __, 130 S. Ct. 2652 (2010).  There, the
Supreme Court reversed the Third Circuit and articulated more
specifically the circumstances in which Taylor applies and the
trustee has a duty to object within the 30-day time limit of Rule
4003(b).  In light of this new guidance, the Third Circuit, on
September 27, 2010, vacated this Court's December 17, 2007 Order
and remanded the case for redetermination in light of Schwab.

On December 13, 2010, this Court heard oral argument on
whether Schwab dictates a different result than the one reached
by the Court in 2007.  Based on the arguments presented in the
parties' briefs and at the hearing as well as the Court's
interpretation of Schwab, the Court has concluded that the
Bankruptcy Court's Order granting Trustee's late objection should

be affirmed for the following reasons.

## III. DISCUSSION

### A. Standard of Review

This Court has jurisdiction to review the Order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). District courts must review bankruptcy courts' findings of fact for clear error, their conclusions of law de novo, and their exercises of discretion for abuse of discretion. See In re Top Grade Sausage, Inc., 227 F.3d 123, 125 (3d Cir. 2000) (citing In re Engel, 124 F.3d 567, 571 (3d Cir. 1997)). In reviewing factual findings, the district court must "give due regard to the opportunity of [the bankruptcy] court to judge, first-hand, the credibility of the witnesses." In re Rosen, 208 B.R. 345, 348 (D.N.J. 1997) (quoting Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc., 57 F.3d 1215, 1223 (3d Cir. 1995)). For mixed questions of law and fact, the district court "must accept the [the bankruptcy] court's findings of historical or narrative facts unless they are clearly erroneous, but must exercise a plenary review of the court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." In re Sharon Steel Corp., 871 F.2d 1217, 1223 (3d Cir. 1989) (quoting Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102-03 (3d Cir. 1981)).

In this case, the Bankruptcy Court determined that Rule 4003(b), Fed. R. Bankr. P., does not apply to bar late objections to claimed exemptions when Schedule C, standing alone, does not provide notice of the asset in which the debtor is claiming an exemption.  The Bankruptcy Court also determined that, under New Jersey Law, the National Penn Bank mortgage was not automatically void as to Debtors when they filed their Chapter 7 petition.  The Court reviews these legal findings de novo.  To the extent the Bankruptcy Court's decision found that Trustee was not actually on notice of the asset Debtors claimed as exempt and that this fact affects Trustee's obligation to file an objection, the Court reviews that as a mixed question of law and fact.

Because this Court's December 17, 2007 Order was vacated by the Court of Appeals, the law of the case doctrine does not constrain the Court's decision.  Johnson v. Bd. of Educ. of Chicago, 457 U.S. 52, 53-54 (1982).

### B. The Trustee's Duty to Object under **Taylor** and **Schwab**

This Court initially decided this appeal on the basis of Fed. R. Bankr. P. 4003(b) and Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992).  Rule 4003(b) provides that "a party in interest may file an objection to the list of property claimed as exempt only within 30 days after ... any amendment to the list or supplemental schedules is filed."  The consequence of failure to object is spelled out in 11 U.S.C. § 522(l): "unless a party in

11

interest objects, the property claimed as exempt on [Schedule C] is exempt."

In _Taylor_, the Supreme Court held that, even when an exemption claimed on Schedule C is without legal justification, it will stand if no objection is made within 30 days.  The _Taylor_ debtor claimed an exemption in the proceeds from a pending employment discrimination lawsuit.  On her Schedule C, in the column titled "value claimed exempt" the debtor wrote "$ unknown" even though recovered proceeds from lawsuits are capped at a specific dollar amount by statute.  _Taylor_, 503 U.S. at 641. After the debtor's lawsuit was settled, the trustee sought to limit the exemption to the amount permitted under the statute. _Id._  The Supreme Court held that, even though debtor "did not have a right to exempt more than a small portion of [the] proceeds either under state law or under the federal exemptions specified in § 522(d)," the trustee's failure to timely object "prevent[ed] him from challenging the validity of the exemptions [later]."  _Id._ at 642.

In _Schwab v. Reilly_, the Supreme Court clarified that the trustee's duty to object within 30 days under Rule 4003(b) and _Taylor_ only bars some late objections to exemptions. Specifically, the _Schwab_ Court held that a trustee has no duty to object to an exemption on the basis of a debtor's estimation of the market value of an asset in which the debtor claims an

12

exemption.

The Schwab debtor filed for Chapter 7 bankruptcy when her
catering business failed.  On her Schedule C list of exemptions,
in the column titled "description of property," she listed (by
reference) her catering business equipment.  Schwab at 2660.  In
the column titled "specify law providing each exemption" she
cited two facially valid subsections of the bankruptcy code.  Id.
In the column titled "value of claimed exemption," she listed the
maximum value allowed under the two subsections listed.  Id.
Finally, in the fourth column on the page, titled "current market
value of property without deducting exemptions," debtor wrote a
dollar figure equal to the sum of the two figures claimed as
exempt.  Id.

Schwab, the trustee, conducted an appraisal of the catering
equipment less than 30 days after Reilly, the debtor, submitted
her Schedule C, and discovered that the equipment should, in
fact, have been valued more than 50% higher than Reilly had
estimated.  Id. at 2658 and n.2.  However, Schwab did not file
any objection to the exemption within the 30-day time period.
Schwab later moved to auction the equipment so that Reilly could
recover her valid exemption amount and the remainder could go
into the estate to pay her creditors.  Id.  Reilly objected,
claiming that she had claimed an exemption in the total value of
the equipment rather than the specific dollar amounts listed on

13

the schedule.  She argued that because she had equated the
estimated total value of the asset with the amounts claimed as
exempt, she had indicated her intent to the trustee.  Relying on
Taylor, she argued that because the trustee had not objected to
the debtor's intent to exempt the whole value of the asset within
the 30 days allowed under Rule 4003(b), he was barred from doing
so later.  Id. at 2659.

The Supreme Court rejected the debtor's argument.  Reasoning
that because the debtor's exemptions were facially valid as
written (as dollar figures within the statutory limit allowed),
the trustee was under no obligation to object to Reilly's
unwritten "intent" to exempt the assets (tools) themselves rather
than merely her statutorily permissible interest in those assets.
Id. at 2661.  The Court announced that a trustee's duty to object
under § 522(l) within the 30 days of Rule 4003(b) does not extend
to objections over the estimated total market value of the asset.

> [W]e conclude that Schwab was entitled to evaluate the
> propriety of the claimed exemptions based on three, and
> only three, entries on Reilly's Schedule C: the
> description of the business equipment in which Reilly
> claimed the exempt interests; the Code provisions
> governing the claimed exemptions; and the amounts Reilly
> listed in the column titled 'value of claimed exemption.'

Id.  Consequently, the trustee was under no obligation to object
to any aspect of the debtor's claim for exemption that was not on
the face of her Schedule C, and not contained within the three
elements listed.  Thus, because the trustee's objection in Schwab

14

was not with any of those three elements, but was, instead, with the estimated total market value of the assets, the trustee was free to object after the expiration of Rule 4003(b)'s 30-day window.

The Court distinguished <u>Taylor</u> by noting that there, the trustee's late objection to the debtor's Schedule C addressed one of the three elements over which the trustee has a duty to object (namely, the value claimed as exempt, which was listed only as "proceeds from lawsuit"). <u>Schwab</u> at 2666. Therefore, the Court concluded, both cases stand for the proposition that when a trustee objects to one of the three elements on Schedule C (description of asset, statutory authority, and value claimed as exempt), the trustee must do so within 30 days of the creditors' meeting or filing of amended Schedule as dictated by Rule 4003(b). <u>Id.</u> If, however, the trustee objects to any other aspect of the claimed exemption, he may do so even after the expiration of this deadline.

**C.   Whether Trustee's Objection is Untimely under <u>Schwab</u>**

To decide this appeal, the Court must answer two questions: (1) whether Trustee's late objection is barred by Rule 4003(b), regardless of the merits of the objection itself; and (2) if, after <u>Schwab</u>, the objection is not barred under Rule 4003(b), whether the Trustee's objection should be upheld on the merits. In its 2007 Opinion, this Court decided the appeal on the basis

15

of the first question, without reaching the second.

On the first question, Trustee argues that Schwab requires a different outcome than that reached in 2007.  Specifically, Trustee argues that he had no duty to object within 30 days under Schwab because he did not object to any of the three elements on Debtors' amended schedule C identified in Schwab: the description of the asset, the code provisions governing the claimed exemption, or the amounts listed in the column titled "value of claimed exemptions."  Trustee argues that, as in Schwab, Debtors' amended Schedule C is facially unobjectionable because it appears to be seeking only to exempt $37,150.00 in equity from the residence under §§ 522(d)(1) and (5), equity that Trustee claims he has subsequently learned was not Debtors' to exempt.  Trustee argues that his objection, instead, is with Debtors' attempt to apply this exemption to the proceeds of the recovered National Penn mortgage.

To decide this issue, then, the Court must determine whether the asset the Debtors claimed as exempt on their amended Schedule C is the same asset that the Trustee is now seeking to shield from Debtors.  If the proceeds of the recovered National Penn mortgage are the same asset that Debtors claimed as exempt, then Trustee's motion would seem to be merely an out-of-time objection to the value claimed as exempt, barred even after Schwab.  If, however, the asset claimed as exempt is a separate asset which

16

Debtors then sought to reach through their claimed exemption, then Trustee's objection, after Schwab, would not be barred by Rule 4003(b).

Trustee argues that the asset must be deemed distinct because it is treated separately in the Bankruptcy Code. Debtors, by claiming exemptions under §§ 522(d)(1) and (5), stated an intent to claim an exemption from the equity they owned in the house at the time they filed their petition.  Trustee argues that the proceeds from an invalid mortgage recovered under § 544(a) are, under the Bankruptcy Code, not returned to the debtor but instead transferred to the trustee "for the benefit of the estate."  11 U.S.C. §§ 550(a), 551.  Secondly, Trustee argues that the Bankruptcy Code provides a separate provision for exempting proceeds from voided mortgages such as the National Penn mortgage under § 522(g).[4]  The Court finds this argument persuasive.  Were the proceeds of an avoided mortgage deemed to be reachable under § 522(d) despite the language of § 550, there would be no need for the separate subsection of § 522(g). Consequently, the Court finds that the Debtors' amended Schedule C claimed an exemption in only the equity in the residence owned by Debtors at the time they filed their petition.

Debtors argue that, at the time they filed for Chapter 7

---

[4] 11 U.S.C. § 522(g) allows a debtor to exempt avoided mortgages recovered for the benefit of the estate under §§ 550 and 551 in certain limited circumstances.

17

bankruptcy and completed their Schedule C form, they <u>did</u> own at least $37,150.00 in equity in the home because, they argue, the National Penn mortgage was void immediately upon filing for bankruptcy.  Thus, Debtors argue, the Trustee's objection is merely with the value claimed as exempt or with the authority of the law providing for the exemptions – both elements which Trustee had a duty to object within the 30 days specified under Rule 4003(b)(2), even after <u>Schwab</u>.

Debtors' argument, thus, is that their exemption was legally justified and that Trustee's objection should be reversed on the merits (and that, because it was legally justified, Trustee was time-barred from objecting after 30 days).  Debtors make no argument at this stage, as they did in 2007, that regardless of the merits of the exemption, Trustee's objection is time barred. Consequently, the Court will evaluate their argument in the section below considering the merits of the objection.

The Court, thus, agrees with Trustee's argument that his objection was not time barred because he had no duty to object within 30 days under <u>Schwab</u>.  The Court finds that Trustee's objection, to applying Debtors' claimed exemption in the equity in their house to the separate asset of proceeds recovered by the Trustee's voidance of the National Penn mortgage, falls outside of the three elements of schedule C identified in <u>Schwab</u>, and is therefore not subject to Rule 4003(b)(2)'s 30-day limitation.

This Court reached the opposite result in 2007, in part, by finding that the Debtors had given Trustee adequate notice of their intent to apply their homestead exemptions to the proceeds recovered from the National Penn mortgage.  In re Messina at 21-22.  Schwab, however, clearly disfavors evaluating the trustee's notice of debtor's intent regarding an exemption that is external to the information contained on Schedule C itself.  See, e.g., Schwab, 130 S. Ct. at 2664 n. 11.  Thus, whether or not the Trustee understood the Debtors' intent regarding the homestead exemptions claimed, Schwab teaches that it was the Debtors' duty to clearly specify that intent on the face of Schedule C, rather than the Trustee's duty to object on that basis.  Consequently, the Court finds that Trustee had no duty to object within 30 days under Rule 4003(b)(2) in this case.

### D.  Whether Trustee's Objection Should be Affirmed

The second question the Court must consider is whether to affirm the Bankruptcy Court's ruling on the merits.  Debtors argue that their exemptions in the equity of the residence are valid because, as of the date of their Chapter 7 petition, the National Penn mortgage was void.  Both parties agree that the question for the Court is whether Debtors had an interest in their residence at the date of the petition equal to or greater than the exemptions claimed on their Schedule C; they disagree on the answer to this question.

Both parties also agree that state law governs the definition of property interests in this case.  Further, both parties agree that the National Penn mortgage was defective in acknowledgment and recording, and that it therefore falls within the category of "unregistered mortgages" discussed in N.J. Stat. Ann. § 46:17-3.1, which states that

> [e]very mortgage or conveyance in the nature of a mortgage of and for any lands, shall be void and of no effect against a subsequent judgment creditor, or bona fide purchaser, or mortagee for a valuable consideration, not having notice thereof, unless such mortgage shall be acknowledged or proved according to law . . .

Id.  The Debtors argue that, under this statute, the National Penn mortgage was automatically void against them as of the date of their Chapter 7 petition.  In support of this proposition, Debtors cite to the case of In re Buchholz, 224 B.R. 13 (Bkrtcy. D.N.J. 1998), which held that, under N.J. Stat. Ann. § 46:17-3.1, an improperly recorded mortgage was "unsecured as of the date the petition was filed" as against the Chapter 12 debtor in possession.  Id. at 23.  Debtors argue, therefore, that like the improperly recorded mortgage in Buchholz, the National Penn mortgage should be deemed void as against the Debtors here, and the Court should consequently allow their exemption in their residence because, without the National Penn mortgage, Debtors had an interest in their residence greater than their claimed exemptions.

Trustee argues that Debtors do not fall within the category

of persons contemplated in N.J. Stat. Ann. § 46:17-3.1.  Pointing

out that Debtors, under Chapter 7, do not qualify as "a

subsequent judgment creditor, or bona fide purchaser, or mortagee

for a valuable consideration" id., Trustee argues that the

National Penn mortgage continued to be valid as against the

Debtors at the date they filed their Chapter 7 petition.  Trustee

distinguishes In re Buchholz by noting that, as a Chapter 12

debtor in possession, the debtor in that case possessed voidance

powers of the trustee not available to the Chapter 7 Debtors in

this case.

       The Court agrees with Trustee on this issue.  The Bankruptcy

Court below addressed this argument and found it to be invalid

under N.J. Stat. Ann. § 46:17-3.1, reasoning (like the Trustee)

that this provision provides only that an improperly acknowledged

mortgage is void against subsequent judgment creditor or bona

fide purchaser, but remains valid against the Debtors, even after

a Chapter 7 bankruptcy petition is filed.  (Bankruptcy Court Oral

Transcript Feb. 26, 2007 at 6:4-12).  As Trustee persuasively

argues, the holding of In re Buchholz is not applicable in a case

where, as here, the Debtors are not acting pursuant to the

voidance powers of a debtor in possession.  See 11 U.S.C. § 1203

(stating that a Chapter 12 debtor in possession "shall perform

all the functions and duties . . . of a trustee serving in a case

under Chapter 11").  In In re Cypergenics Corp., 226 F.3d 237,

21

242-43 (3d Cir. 2000), the Third Circuit clearly distinguished between the powers of the debtor herself and her powers as a debtor in possession under Chapter 11, holding that the voidance powers claimed here did not belong to the debtor herself.  Id. The Court, therefore, holds that Buchholz is not applicable to a Chapter 7 debtor as found in this case, and that consequently, the National Penn mortgage was not automatically void as against Debtors on the date the petition was filed.  As a result, Trustee is correct that Debtors did not have an equity interest in their residence to claim as exempt on their Schedule C.  The Court must, consequently, affirm the Order of the Bankruptcy Court.


**IV.  CONCLUSION**

In Schwab, the Supreme Court clarified the circumstances in which a Chapter 7 trustee must object to a claimed exemption within the Rule 4003(b) 30-day time limit.  The Court has determined, after careful analysis of the record before it, that the Trustee had no duty to object to Debtors' effort to extend their claimed exemption in the equity of their residence to the separate asset of the recovered National Penn mortgage within 30 days, and that the Bankruptcy Court therefore properly considered Trustee's objection.  Further, the Court has concluded that the Bankruptcy Court properly granted Trustee's motion to value at zero Debtors' claimed exemptions in their residence.  As a

result, the Court will affirm the Bankruptcy Court's March 6, 2007 Order.  The accompanying Order will be entered.


**January 31, 2011**                              **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                United States District Judge

23